IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Tresia R. Hill, ) | Civil Action No. 7:13-271-MGL-KFM |
| ) Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Spartanburg Regional Health Services ) District, Inc. and Spartanburg Regional ) Healthcare, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on a motion to dismiss (doc. 5) filed by the defendant Spartanburg Regional Health Services District, Inc. ("the District").[1] The plaintiff brought this action against her former employer alleging violations of Title VII of the Civil Rights Act of 1964, as amended, the Family and Medical Leave Act ("FMLA"), and the Americans with Disabilities Act ("ADA"). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and submit findings and recommendations to the district court.

## BACKGROUND

The defendant filed a motion to dismiss for failure to state a claim (doc. 5) on February 21, 2013. The plaintiff filed a response in opposition to the motion to dismiss (doc. 7) on March 11, 2013, and an amended complaint (doc. 9) on March 14, 2013. The defendant filed an answer to the amended complaint (doc. 10) on March 28, 2013.

---

[1] The plaintiff also named "Spartanburg Regional Healthcare" as a defendant in the complaint. However, the District states that "Spartanburg Regional Healthcare" is merely its trade name, and thus it is not a proper defendant in this case (doc. 5-2 at p. 1 n.1). Accordingly, the Clerk of Court should be directed to remove "Spartanburg Regional Healthcare" as a defendant.

**DISCUSSION**

A timely filed amended pleading supersedes the original pleading. *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2011) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). As a result, motions directed at the superseded pleading generally are to be denied as moot. *See, e.g.*, *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, No. 3:10-cv-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) ("It is well-settled that a timely filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot.") (citations omitted); *McCoy v. City of Columbia*, C.A. No. 3:10-132-JFA-JRM, 2010 WL 3447476, at *1–2 (D.S.C. Aug. 31, 2010) (adopting the magistrate judge's report and recommendation to the extent it recommended that the motion to dismiss be found as moot because the amended complaint superseded the original complaint and rendered any attack upon it moot).

However, "if some of the defects raised in the original motion remain in the new pleading, the court simply *may* consider the motion as being addressed to the amended pleading [because to] hold otherwise would be to exalt form over substance." 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2011) (emphasis added). For example, in *Monster Daddy LLC v. Monster Cable Prods., Inc.*, the court held that because the plaintiff repeatedly asserted that the defendant's amended answer remained deficient, it would defy logic and exalt form over substance to accept the defendant's contention that the motion to dismiss its counterclaims and affirmative defenses

2

was moot after the defendant amended the answer. C.A. No. 6:10-1170-HMH, 2010 WL 4853661, at *3 (D.S.C. Nov. 23, 2010) (quoting 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2010)).

Here, after the defendant filed its motion to dismiss, the plaintiff filed an amended complaint and a response in opposition to the defendant's motion to dismiss. The defendant then filed an answer to the amended complaint rather than a second motion to dismiss, and the defendant did not file a reply to the plaintiff's response to the motion to dismiss. Therefore, unlike the plaintiff in *Monster Daddy*, the defendant here did not repeatedly assert that the plaintiff's amended pleading was deficient and did not explicitly assert that the deficiencies they raised in their motion to dismiss remained in the plaintiff's amended complaint. Accordingly, the defendant's motion to dismiss (doc. 5), which is directed at the original complaint, should be denied as moot because the original complaint was superseded by the plaintiff's amended complaint.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendant's motion to dismiss for failure to state a claim (doc. 5) be denied as moot. Furthermore, the Clerk of Court should be directed to remove Spartanburg Regional Healthcare as a defendant in this action.

IT IS SO RECOMMENDED.

May 8, 2013                                              s/ Kevin F. McDonald
Greenville, South Carolina                     United States Magistrate Judge