IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Tresia R. Hill, | ) | Civil Action No.: 7:13-271-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Spartanburg Regional Health Services | ) | |
| District, Inc. and Spartanburg Regional | ) | |
| Healthcare, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Tresia R. Hill ("Plaintiff") filed this action against her former employer alleging violations of Title VII of the Civil Rights Act of 1964, as amended, the Family and Medical Leave Act ("FMLA"), and the Americans with Disabilities Act ("ADA").  On February 21, 2013, Defendant Spartanburg Regional Health Services District, Inc. ("Defendant") filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5.) Plaintiff filed a memorandum in opposition to Defendant's motion to dismiss, and in the alternative, moved the court to amend the complaint.  (ECF No. 7.) Plaintiff amended her complaint on March 14, 2013.  (ECF No. 9) and Defendant Spartanburg Regional Healthcare Services District filed an answer on March 28, 2013.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this pretrial employment discrimination matter was referred to United States Magistrate Judge Kevin F. McDonald for consideration.  On May 8, 2013, the Magistrate Judge prepared a thorough Report and Recommendation which recommends that Defendant's Motion to Dismiss be denied as moot because the original complaint was superseded by Plaintiff's

amended complaint.  (ECF No. 13 at 3.)   The Magistrate Judge also directed the Clerk of Court to remove "Spartanburg Regional Healthcare," the trade name of Defendant, as a defendant in this action.  (ECF No. 13 at 3.)

The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).   Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir.1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).   Neither party has filed objections to the Report and Recommendation and the time for doing so has expired.

After reviewing the motions, the record, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error and the recommendation to be proper. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is ORDERED that Defendant's Motion to Dismiss is denied as moot.  Further, the Clerk of Court is directed to remove "Spartanburg Regional Healthcare" as a defendant in this action.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
May 31, 2013