IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tresia R. Hill, | ) | Civil Action No.: 7:13-271-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Spartanburg Regional Health | ) | |
| Services District, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff Tresia R. Hill ("the plaintiff") filed this action against the Spartanburg Regional Health Services District, Inc. ("the defendant"), alleging *inter alia* claims for discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), interference with rights and retaliation in violation of the Family and Medical Leave Act ("FMLA"), and race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) *et seq*. She also has pled a state law claim for violation of the South Carolina Payment of Wages Act.[1]

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Kevin F. McDonald for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation which recommends that the defendant's Motion for Summary Judgment be granted. (ECF No. 48.) The plaintiff filed a timely objection to the Report and Recommendation (ECF No. 49) and the defendant filed a reply (ECF No. 52.) For the

---

[1] This claim was deemed abandoned by the magistrate judge and the plaintiff has not objected.

reasons set forth herein, the Court adopts the Report and Recommendation.

## BACKGROUND AND PROCEDURAL HISTORY

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. The plaintiff filed this matter on January 29, 2013. On May 14, 2014, the defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 28.) After consideration of the plaintiff's response (ECF No. 31), and the defendant's reply (ECF No. 33), the magistrate judge issued a Report and Recommendation recommending that the defendant's Motion for Summary Judgment be granted. (ECF No. 48.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The plaintiff has objected to the magistrate judge's recommendation that the plaintiff failed to (1) present evidence upon which a reasonable fact finder could determine that she was terminated because of her race; (2) establish that the defendant unlawfully discriminated against her because of her disability status; (3) establish that the defendant unlawfully interfered with her FMLA Benefits; and (4) show that the defendant retaliated against her with regard to her disability and FMLA status. (ECF No. 49.)

The Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent.  Exhaustive recitation of law and fact exists there.

The plaintiff first objects to the Magistrate Judge's conclusion that she has failed to present evidence of race discrimination.  The Court has reviewed in detail the entirety of the plaintiff's objections with respect to this claim.  And, while the undersigned agrees with the complete analysis of the magistrate judge and adopts it fully, the Court need only specifically mention one deficiency in the plaintiff's claim to affirm.  Namely, the plaintiff cannot show that she was performing her job in a satisfactory manner.

In hopes of creating a genuine issue of material fact that she was, the plaintiff reemphasizes that her lengthy list of disciplinary actions for attendance were not mentioned in her termination meeting; that she did not fully review her most recent Performance Evaluation with her supervisor; and that she did not recall receiving or signing two of the many disciplinary actions.  The magistrate judge listed in great detail the numerous deficiencies in the plaintiff's work performance as undisputed in the record.

(ECF No. 5-17, 20.)  The plaintiff's objections, even if credited as far as they may go, do not disturb the overall constellation of performance problems established.  First, the requirement that the plaintiff show that the defendant was satisfied with her work is not somehow constrained by the precise bases articulated at the moment of discharge.  While what was communicated to the plaintiff at the point of termination may have some relevance to issues of pretext, the *prima facie* element is a broader look at the condition of the plaintiff's performance.  The plaintiff has not made an effective showing on objection that the numerous details of lack in her performance were not, on whole, an accurate depiction based on the available record.   Second, with respect to her most recent Performance Evaluation the plaintiff admits having received an unsatisfactory score and that her supervisor sent the document to her electronically for her review and signature. (Pl. Dep. at 148, 150-51 Ex. 35.)   Again, whatever procedural deficiencies existed in the particular detail of that evaluation do not topple the clear record of communicated dissatisfaction.   The plaintiff has conceded that she received: a Written Warning for punctuality, on December 4, 2009, prior to any FMLA request or any alleged lupus diagnosis; a Written Warning for attendance issues, on May 17, 2010, during which time she had no approved FMLA leave; and a Verbal Warning for attendance issues from Sonia McFalls, in July 2011. (Pl. Dep. at 132-33, 135-37 Exs. 28, 30). Lastly, as to the disputed signatures, the plaintiff still does not reject the underlying misconduct.  (Pl. Dep. at 133-34, 138-39 Exs. 29, 31).

The Court is more than comfortable with the magistrate judge's determination that the plaintiff cannot satisfy the second element of a *prima facie* case of race discrimination. After a careful review of the plaintiff's other objections to that claim, the Court likewise

-4-

accepts the magistrate judge's reasoning as its own.

The plaintiff has also objected concerning the magistrate judge's recommendation that her ADA claim should be dismissed.  Her objections in this respect are generalized and simply echo the ones she made in response to the motion for summary judgment (Pl. Obj. at 7); the recommendation of the magistrate judge sufficiently addresses them.

The plaintiff also objects that the magistrate judge wrongly concluded that her FMLA interference claim should be dismissed. Again, summarily the plaintiff contends "that Pittman interfered with her rights to take Family Medical Leave through her failure to follow Defendant's policy and direct Ms. Hill to Cigna in order to ensure that Ms. Hill was able to exercise her rights to take leave pursuant to the Family Medical Leave Act."  (Pl. Obj. at 8.)  The magistrate judge could not have been more thorough in refudiation.  (ECF No. 48 at 28-29.)  Most notably, the plaintiff simply does not allege that the defendant denied her FMLA benefits to which she was entitled as required by the fifth element of her claim.  (See Pl. Dep. Exs. 19-20, 22-23.)  And, the record speaks of no other conclusion than that any alleged "harassment" was simply the defendant attempting to hold the plaintiff accountable for tardies and absences for which the plaintiff admittedly had no approved FMLA leave. (Pl. Dep. at 145, 197 & Exs. 23, 32-33.)

As the magistrate detailed, the plaintiff has sworn that she understood the procedure for obtaining FMLA and admitted she had successfully utilized FMLA in the past (Pl. Dep. at 47-48, 83, 108); understood that Cigna made the FMLA determinations, *id.* at 82; understood that she was supposed to contact Cigna regarding any FMLA requests, *id*. 47-48; knew that she could access information regarding the status of her FMLA requests online or by otherwise contacting Cigna, *id.* at 48; understood that, if she failed to provide

additional information requested by Cigna, her FMLA requests would be denied, *id*. at 82; and understood that, if she did not have approved FMLA leave, any attendance issue could be considered an occurrence and a violation of the defendant's attendance policy, resulting in disciplinary action up to and including termination, *id*. at 79.

The plaintiff's claim should be dismissed.

Lastly, the plaintiff argues, on page 9 of her Objections, that she has established *a prima facie* case of retaliation based on the temporal proximity between her September 20, 2011 complaint to Antoinette Bates, Human Resources Manager, and her November 30, 2011 termination more than two months later.  The magistrate judge rejected both the plaintiff's ADA and FMLA retaliation claims because the plaintiff had not established a causal connection between any protected activity and her discharge.  The magistrate judge did not discuss the temporal proximity of the alleged complaint to the termination of the plaintiff's employment.  But, the magistrate judge also concluded that the retaliation claims could not continue for the plaintiff's failure, discussed with respect to the discrimination claims, to create issues of fact as to whether the reasons given for the termination of her employment were simply pretext for retaliation.   The plaintiff has not contested this rationale with respect to the retaliation claims.  (Pl. Obj. at 9.)  The Court agrees that the magistrate judge's consideration of issues of pretext, in all respects, was correct.

**CONCLUSION**

The Court has carefully made a *de novo* review of the objections.  After considering the motion, the record, and the Report and Recommendation of the Magistrate Judge and the objections, the undersigned adopts the Report and Recommendation incorporates it herein by specific reference to the extent consistent.

Therefore, it is ORDERED that the defendant's Motion for Summary Judgment (ECF No. 28) is GRANTED and the plaintiff's claims dismissed with prejudice.

IT IS SO ORDERED.

<u>s/Bruce Howe Hendricks</u>
United States District Judge

Greenville, South Carolina
March 18, 2015